UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | |
| EAGLE INDUSTRIES, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 10-11636 |
| | ) | |
| IN RE: | ) | |
| | ) | |
| EAGLE TRANSPORTATION, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 10-11637 |

**MOTION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF CASES**

✴ ✴ ✴   ✴ ✴ ✴   ✴ ✴ ✴

Eagle Industries, LLC ("Eagle Industries"), together with Eagle Transportation, LLC ("Eagle Transportation")(collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, by counsel, respectfully move the Court for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing joint administration of the Debtors' bankruptcy cases (the "Motion"). In support of this Motion, Debtors state as follows:

**Jurisdiction**

1.  The Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"[1]) and Bankruptcy Rule 1015(b) authorize the relief requested in this Motion.

**Background**

3. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses and manage their properties as debtors and debtors in possession pursuant to §§ 1107(a) and 1108.

4. The Debtors, collectively, are in the business of furniture manufacturing, sales, and delivery.

**Relief Requested**

5. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order joint administration of the estates." The Debtors are "affiliates" as that term is defined in § 101(2). Accordingly, joint administration of the Debtors' bankruptcy cases is authorized under Bankruptcy Rule 1015(b).

6. The Debtors submit that their bankruptcy cases should be administered jointly because the business operations and organization of the Debtors are closely related and the general administration and operational expenses are shared by the Debtors. Furthermore, entry of an order directing joint administration of these cases will obviate the need for duplicative notices, applications and orders, and thereby save time, labor, and expenses for the Debtors and the Court.

7. An order of joint administration relates to the routine administration of a case. Moreover, the entry of joint administration orders in multiple related cases such as these is common

---

[1] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

and generally non-controversial in this District and elsewhere. See *In re Lightyear Holdings, Inc.*, Case No. 02-32257 (Bankr. W.D. Ky., April 29, 2002); see also *In re D. T. Indus., Inc.*, Case No. 04-34091 (Bankr. S.D. Oh., May 12, 2004); *In re Healthessentials Solutions, Inc.*, Case No. 05-31218 (Bankr. W.D. Ky., March 1, 2005); *In re Tumbleweed, Inc.*, Case No. 09-31525 (Bankr. W.D. Ky., March 27, 2009).

8. Moreover, the rights of the respective creditors of the Debtors will not be adversely affected by the joint administration of the Debtors' bankruptcy cases because each creditor may still file its claim against the particular estate which allegedly owes it money. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of making duplicative orders and keeping duplicative files. Finally, supervision of the administrative aspects of the bankruptcy cases by the Office of the United States Trustee will be simplified.

9. The Debtors propose that the above-captioned cases be jointly administered under the Eagle Industries, LLC case (Case No. 10-11636).

10. By reason of the foregoing, the interests of the Debtors and their creditors would best be served by joint administration of the above-captioned cases.

11. No trustee, examiner or creditors committee has yet been appointed in these cases. Notice of this Motion has been given to the U.S. Trustee and each of the Debtors' scheduled creditors.

12. No previous request for the relief requested herein has been made to this Court.

WHEREFORE, Debtors respectfully request the immediate entry of an Order authorizing the relief requested herein and granting Debtors such other and further relief as is just and appropriate under the circumstances.

A proposed Order is tendered herewith.

Respectfully submitted,

/s/ David M. Cantor
DAVID M. CANTOR
SEILLER WATERMAN LLC
Meidinger Tower - 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
*Proposed Counsel for Debtors*

## CERTIFICATE OF SERVICE

It is hereby certified that on October 28, 2010, true and correct copies of the foregoing Motion for Order Directing Joint Administration of Cases were served electronically on the United States Trustee for the Western District of Kentucky, and by regular U.S. Mail to the Debtors' Twenty Largest Unsecured Creditors and All Secured Creditors.

/s/ David M. Cantor
DAVID M. CANTOR

G:\doc\DMC\EAGLE INDUSTRIES\Pldgs\Mot Joint Admin.wpd