**PROMISSORY NOTE**

$17,500.00                                                                                      Bowling Green, Kentucky

Octobter __, 2010

FOR VALUE RECEIVED, the undersigned, **Eagle Industries, LLC, debtor-in-possession (*In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636*), and Eagle Transportation, LLC, debtor-in-possession (*In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637*)**, (the "Borrower"), jointly and severally promises unconditionally to pay to the order of Felipe Murillo Rivas, or his assignee(s) (the "Creditor") at 459 Jackson Street, #4, Bowling Green, KY 42101, or at such other place as Creditor may from time to time designate, the principal amount of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) (the "Principal Amount"), together with interest on the unpaid Principal Amount outstanding from time to time at the rate or rates hereafter specified and any and all other sums which may be owing to Creditor by Borrower pursuant to this Note. The following terms shall apply to this Note:

1. **Interest Rate.** As long as there is no existing uncured "Event of Default," as hereafter defined, interest shall accrue and be payable on the outstanding Principal Amount at a fixed rate of interest equal to one percent (1.00%) per annum. Interest shall be calculated on the basis of a year of 360 days applied to the actual days on which there exists an unpaid balance under this Note.

2. **Maturity Date.** Borrower shall repay the entire outstanding Principal Amount as well as all accrued and unpaid interest and all other sums due under this Note that remain unpaid on or before May 31, 2011 (the "Maturity Date").

3. **Manner and Application of Payments.** All payments due hereunder shall be paid in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, in immediately available funds, without offset, deduction or recoupment. Any payment by check or draft shall be subject to the condition that any receipt issued therefor shall be ineffective unless the amount due is actually received by Creditor. Each payment shall be applied first to the payment of all accrued and unpaid interest hereunder and, second, to the payment of the unpaid Principal Amount.

4. **Prepayment.** This Note may be prepaid in whole or in part at any time without premium or penalty.

5. **Loan Documents.** The obligations of Borrower evidenced by this Note are a part of the obligations referred to in the Agreed Order Authorizing Debtor to Obtain Senior Secured Super-Priority Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 364 and 507 entered in *In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636 and In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637.*

6. **Events of Default.** The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a) The failure of Borrower to pay any sum due under this Note when due, whether by demand or otherwise;

(b) the failure of Borrower to perform, observe or comply with any Order of the United States Bankruptcy Court;

(c) the effective date of any plan of reorganization or liquidation;

(d) the conversion of the Borrower's chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

(e) the appointment of a trustee or an examiner with special powers; or,

(f) the dismissal of the Borrower's chapter 11 Case.

7. **Rights and Remedies upon Default.** Upon the occurrence of an Event of Default hereunder, Creditor, in Creditor's sole discretion and without notice to Borrower or any other Obligor, may: (a) declare the entire outstanding Principal Amount, together with all accrued interest and all other sums due under this Note, to be immediately due and payable, and the same shall thereupon become immediately due and payable without presentment, demand or notice, which are hereby expressly waived; (b) terminate any outstanding commitments of Creditor to Borrower; and (c) exercise any or all rights, powers and remedies now or hereafter existing at law, in equity, by statute or otherwise.

8. **Remedies Cumulative.** Each right, power and remedy of Creditor hereunder, now or hereafter existing at law, in equity, by statute or otherwise shall be cumulative and concurrent, and the exercise or beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by Creditor of any or all such other rights, powers or remedies. No failure or delay by Creditor to insist upon the strict performance of any one or more provisions of this Note or to exercise any right, power or remedy upon a breach thereof or default hereunder shall constitute a waiver thereof or preclude Creditor from exercising any such right, power or remedy. By accepting full or partial payment any amount of principal of or interest after the Maturity Date, or other amounts payable on demand, Creditor shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal of or interest on this Note or other amounts payable on demand, or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Note.

9. **Interest Rate after Judgment.** If judgment is entered against Borrower on this Note, the amount of the judgment entered (which may include principal, interest, fees, and costs) shall bear interest at the higher of: (a) the rate of interest provided herein; (b) any default rate of interest provided herein; or (c) the legal rate of interest then applicable to judgments in the jurisdiction in which judgment was entered.

10. **Maximum Rate of Interest.** Notwithstanding any provision of this Note or the Loan Documents to the contrary, Borrower shall not be obligated to pay interest pursuant to this Note in excess of the maximum rate of interest permitted by the laws of any state determined to govern this Note or the laws of the United States applicable to loans in such state. If any provisions of this Note shall ever be construed to require the payment of any amount of interest in excess of that permitted by applicable law, then the interest to be paid pursuant to this Note shall be held subject to reduction to the amount allowed under applicable law and any sums paid in excess of the interest rate allowed by law shall be applied in reduction of the principal balance outstanding pursuant to this Note. Borrower acknowledges that it has been contemplated at all times by Borrower that the laws of the Commonwealth of Kentucky will govern the maximum rate of interest that is permissible for Creditor to charge Borrower pursuant to this Note.

11. **Certain Waivers by Borrower.** Borrower waives demand, presentment, protest and notice of demand, of non-payment, of dishonor and of protest of this Note. Creditor, without notice to or further consent of Borrower or any other Obligor and without in any respect compromising, impairing, releasing, lessening or affecting the obligations of Borrower hereunder or under any of the Loan Documents, may: (a) release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend or grant indulgences with respect to this Note, and (b) grant any extension or other postponements of the time of payment hereof.

12. **Choice of Law; Forum Selection; Consent to Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Kentucky (excluding the choice of law rules thereof). Borrower hereby (a) agrees that all disputes and matters whatsoever arising under, in connection with, or incident to this Note shall be litigated, if at all, in and before a court located in the Commonwealth of Kentucky to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the non-exclusive jurisdiction of any Kentucky court or federal court sitting in the Commonwealth of Kentucky in any action or proceeding arising out of or relating to this Note, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been

2

brought in an inconvenient forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.

13. **Invalidity of Any Part.** If any provision or part of any provision of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Note, but only to the extent of its invalidity, illegality or unenforceability. In any event, if any such provision pertains to the repayment of the indebtedness evidenced by this Note, then and in such event, at Creditor's option, the outstanding Principal Amount, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

14. **WAIVER OF JURY TRIAL. BORROWER HEREBY (a) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY A JURY, AND (b) WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH CREDITOR AND BORROWER MAY BE PARTIES ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS NOTE, ANY OF THE LOAN DOCUMENTS AND/OR ANY TRANSACTIONS, OCCURRENCES, COMMUNICATIONS OR UNDERSTANDINGS (OR THE LACK OF ANY OF THE FOREGOING) RELATING IN ANY WAY TO THE DEBTOR-CREDITOR RELATIONSHIP BETWEEN THE PARTIES. IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS, WHETHER INITIATED BY BORROWER AGAINST CREDITOR OR INITIATED BY CREDITOR AGAINST BORROWER. THIS WAIVER OF JURY TRIAL IS SEPARATELY GIVEN, KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY BORROWER AND BORROWER HEREBY AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. CREDITOR IS HEREBY AUTHORIZED TO SUBMIT THIS NOTE TO ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND BORROWER SO AS TO SERVE AS CONCLUSIVE EVIDENCE OF SUCH WAIVER OF RIGHT TO TRIAL BY JURY. BORROWER REPRESENTS AND WARRANTS THAT IT HAS BEEN REPRESENTED IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND/OR THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

15. **Notice.** Any notice, demand, request or other communication which Creditor or Borrower may be required to give hereunder shall be in writing, shall be effective and deemed received the following business day when sent by overnight courier, upon transmission if sent by facsimile or e- mail, or the third business day after deposited in first class United States mail, postage prepaid, and shall be addressed as follows, or to such other addresses as the parties may designate by like notice:

If to Borrower:

Amado Rivas, General Manager
Eagle Industries, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

Amado Rivas, General Manager
Eagle Transportation, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

with a copy to:

David M. Cantor, Esq.
Seiller Waterman, LLC
Meidinger Tower, 22nd Floor
462 South 4th Avenue

Louisville, KY 46204
*Counsel for Borrowers*

If to Creditor:

Felipe Murillo Rivas
459 Jackson St., #4
Bowling Green, KY  42101

Notwithstanding anything to the contrary, all notices and demands for payment from Creditor actually received in writing by Borrower shall be considered to be effective upon the receipt thereof by Borrower regardless of the procedure or method utilized to accomplish delivery thereof to Borrower.

16. **Miscellaneous.** Time is of the essence under this Note. The paragraph headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof. This Note and the Loan Documents, if any, constitute the entire agreement between the parties with respect to their subject matter and supersede all prior letters, representations or agreements, oral or written, with respect thereto. Creditor may, without notice to or consent of Borrower, sell, assign, pledge or transfer this Note or sell, assign, transfer or grant participations in all or any part of the obligations evidenced by this Note to others at any time and from time to time, and Creditor may divulge to any potential assignee, transferee or participant all information, reports, financial statements and documents obtained in connection with this Note and any other Loan Documents or otherwise. No modification, release or waiver of this Note shall be deemed to be made by Creditor unless in writing signed by Creditor, and each such waiver, if any, shall apply only with respect to the specific instance involved. No course of dealing or conduct shall be effective to modify, release or waive any provisions of this Note or any of the other Loan Documents. This Note shall inure to the benefit of and be enforceable by Creditor and Creditor's successors and assigns and any other person to whom Creditor may grant an interest in the obligations evidenced by this Note and shall be binding upon and enforceable against Borrower and Borrower's personal representatives, successors, heirs and assigns. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine or neuter gender shall include all genders. This Note may be executed in any number of counterparts, all of which, when taken together shall constitute one Note.

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first hereinabove set forth.

BORROWER

EAGLE INDUSTRIES, LLC, DEBTOR-IN-POSSESSION

By:_____

BORROWER

EAGLE TRANSPORTATION, LLC, DEBTOR-IN-
        POSSESSION

By:_____

G:\doc\DMC\EAGLE INDUSTRIES\Promissory Note - Felipe Rivas.docx

# PROMISSORY NOTE

$17,500.00                                                                    Bowling Green, Kentucky

Octobter __, 2010

FOR VALUE RECEIVED, the undersigned, **Eagle Industries, LLC, debtor-in-possession** (*In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636*)**, and Eagle Transportation, LLC, debtor-in-possession** (*In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637*), (the "Borrower"), jointly and severally promises unconditionally to pay to the order of Jose Oliver Rivas, or his assignee(s) (the "Creditor") at 1550 Detour Road, Bowling Green, KY 42101, or at such other place as Creditor may from time to time designate, the principal amount of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) (the "Principal Amount"), together with interest on the unpaid Principal Amount outstanding from time to time at the rate or rates hereafter specified and any and all other sums which may be owing to Creditor by Borrower pursuant to this Note. The following terms shall apply to this Note:

1. **Interest Rate.** As long as there is no existing uncured "Event of Default," as hereafter defined, interest shall accrue and be payable on the outstanding Principal Amount at a fixed rate of interest equal to one percent (1.00%) per annum. Interest shall be calculated on the basis of a year of 360 days applied to the actual days on which there exists an unpaid balance under this Note.

2. **Maturity Date.** Borrower shall repay the entire outstanding Principal Amount as well as all accrued and unpaid interest and all other sums due under this Note that remain unpaid on or before May 31, 2011 (the "Maturity Date").

3. **Manner and Application of Payments.** All payments due hereunder shall be paid in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, in immediately available funds, without offset, deduction or recoupment. Any payment by check or draft shall be subject to the condition that any receipt issued therefor shall be ineffective unless the amount due is actually received by Creditor. Each payment shall be applied first to the payment of all accrued and unpaid interest hereunder and, second, to the payment of the unpaid Principal Amount.

4. **Prepayment.** This Note may be prepaid in whole or in part at any time without premium or penalty.

5. **Loan Documents.** The obligations of Borrower evidenced by this Note are a part of the obligations referred to in the Agreed Order Authorizing Debtor to Obtain Senior Secured Super-Priority Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 364 and 507 entered in *In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636 and In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637.*

6. **Events of Default.** The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a) The failure of Borrower to pay any sum due under this Note when due, whether by demand or otherwise;

(b) the failure of Borrower to perform, observe or comply with any Order of the United States Bankruptcy Court;

(c) the effective date of any plan of reorganization or liquidation;

(d) the conversion of the Borrower's chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

(e) the appointment of a trustee or an examiner with special powers; or,

(f) the dismissal of the Borrower's chapter 11 Case.

7. **Rights and Remedies upon Default.** Upon the occurrence of an Event of Default hereunder, Creditor, in Creditor's sole discretion and without notice to Borrower or any other Obligor, may: (a) declare the entire outstanding Principal Amount, together with all accrued interest and all other sums due under this Note, to be immediately due and payable, and the same shall thereupon become immediately due and payable without presentment, demand or notice, which are hereby expressly waived; (b) terminate any outstanding commitments of Creditor to Borrower; and (c) exercise any or all rights, powers and remedies now or hereafter existing at law, in equity, by statute or otherwise.

8. **Remedies Cumulative.** Each right, power and remedy of Creditor hereunder, now or hereafter existing at law, in equity, by statute or otherwise shall be cumulative and concurrent, and the exercise or beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by Creditor of any or all such other rights, powers or remedies. No failure or delay by Creditor to insist upon the strict performance of any one or more provisions of this Note or to exercise any right, power or remedy upon a breach thereof or default hereunder shall constitute a waiver thereof or preclude Creditor from exercising any such right, power or remedy. By accepting full or partial payment any amount of principal of or interest after the Maturity Date, or other amounts payable on demand, Creditor shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal of or interest on this Note or other amounts payable on demand, or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Note.

9. **Interest Rate after Judgment.** If judgment is entered against Borrower on this Note, the amount of the judgment entered (which may include principal, interest, fees, and costs) shall bear interest at the higher of: (a) the rate of interest provided herein; (b) any default rate of interest provided herein; or (c) the legal rate of interest then applicable to judgments in the jurisdiction in which judgment was entered.

10. **Maximum Rate of Interest.** Notwithstanding any provision of this Note or the Loan Documents to the contrary, Borrower shall not be obligated to pay interest pursuant to this Note in excess of the maximum rate of interest permitted by the laws of any state determined to govern this Note or the laws of the United States applicable to loans in such state. If any provisions of this Note shall ever be construed to require the payment of any amount of interest in excess of that permitted by applicable law, then the interest to be paid pursuant to this Note shall be held subject to reduction to the amount allowed under applicable law and any sums paid in excess of the interest rate allowed by law shall be applied in reduction of the principal balance outstanding pursuant to this Note. Borrower acknowledges that it has been contemplated at all times by Borrower that the laws of the Commonwealth of Kentucky will govern the maximum rate of interest that is permissible for Creditor to charge Borrower pursuant to this Note.

11. **Certain Waivers by Borrower.** Borrower waives demand, presentment, protest and notice of demand, of non-payment, of dishonor and of protest of this Note. Creditor, without notice to or further consent of Borrower or any other Obligor and without in any respect compromising, impairing, releasing, lessening or affecting the obligations of Borrower hereunder or under any of the Loan Documents, may: (a) release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend or grant indulgences with respect to this Note, and (b) grant any extension or other postponements of the time of payment hereof.

12. **Choice of Law; Forum Selection; Consent to Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Kentucky (excluding the choice of law rules thereof). Borrower hereby (a) agrees that all disputes and matters whatsoever arising under, in connection with, or incident to this Note shall be litigated, if at all, in and before a court located in the Commonwealth of Kentucky to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the non-exclusive jurisdiction of any Kentucky court or federal court sitting in the Commonwealth of Kentucky in any action or proceeding arising out of or relating to this Note, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been

2

brought in an inconvenient forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.

13. **Invalidity of Any Part.** If any provision or part of any provision of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Note, but only to the extent of its invalidity, illegality or unenforceability. In any event, if any such provision pertains to the repayment of the indebtedness evidenced by this Note, then and in such event, at Creditor's option, the outstanding Principal Amount, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

14. **WAIVER OF JURY TRIAL. BORROWER HEREBY (a) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY A JURY, AND (b) WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH CREDITOR AND BORROWER MAY BE PARTIES ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS NOTE, ANY OF THE LOAN DOCUMENTS AND/OR ANY TRANSACTIONS, OCCURRENCES, COMMUNICATIONS OR UNDERSTANDINGS (OR THE LACK OF ANY OF THE FOREGOING) RELATING IN ANY WAY TO THE DEBTOR-CREDITOR RELATIONSHIP BETWEEN THE PARTIES. IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS, WHETHER INITIATED BY BORROWER AGAINST CREDITOR OR INITIATED BY CREDITOR AGAINST BORROWER. THIS WAIVER OF JURY TRIAL IS SEPARATELY GIVEN, KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY BORROWER AND BORROWER HEREBY AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. CREDITOR IS HEREBY AUTHORIZED TO SUBMIT THIS NOTE TO ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND BORROWER SO AS TO SERVE AS CONCLUSIVE EVIDENCE OF SUCH WAIVER OF RIGHT TO TRIAL BY JURY. BORROWER REPRESENTS AND WARRANTS THAT IT HAS BEEN REPRESENTED IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND/OR THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

15. **Notice.** Any notice, demand, request or other communication which Creditor or Borrower may be required to give hereunder shall be in writing, shall be effective and deemed received the following business day when sent by overnight courier, upon transmission if sent by facsimile or e- mail, or the third business day after deposited in first class United States mail, postage prepaid, and shall be addressed as follows, or to such other addresses as the parties may designate by like notice:

If to Borrower:

Amado Rivas, General Manager
Eagle Industries, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

Amado Rivas, General Manager
Eagle Transportation, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

with a copy to:

David M. Cantor, Esq.
Seiller Waterman, LLC
Meidinger Tower, 22nd Floor
462 South 4th Avenue

Louisville, KY 46204
*Counsel for Borrowers*

If to Creditor:

Jose Oliver Rivas
1550 Detour Road
Bowling Green, KY  42101

Notwithstanding anything to the contrary, all notices and demands for payment from Creditor actually received in writing by Borrower shall be considered to be effective upon the receipt thereof by Borrower regardless of the procedure or method utilized to accomplish delivery thereof to Borrower.

16. **Miscellaneous.** Time is of the essence under this Note. The paragraph headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof. This Note and the Loan Documents, if any, constitute the entire agreement between the parties with respect to their subject matter and supersede all prior letters, representations or agreements, oral or written, with respect thereto. Creditor may, without notice to or consent of Borrower, sell, assign, pledge or transfer this Note or sell, assign, transfer or grant participations in all or any part of the obligations evidenced by this Note to others at any time and from time to time, and Creditor may divulge to any potential assignee, transferee or participant all information, reports, financial statements and documents obtained in connection with this Note and any other Loan Documents or otherwise. No modification, release or waiver of this Note shall be deemed to be made by Creditor unless in writing signed by Creditor, and each such waiver, if any, shall apply only with respect to the specific instance involved. No course of dealing or conduct shall be effective to modify, release or waive any provisions of this Note or any of the other Loan Documents. This Note shall inure to the benefit of and be enforceable by Creditor and Creditor's successors and assigns and any other person to whom Creditor may grant an interest in the obligations evidenced by this Note and shall be binding upon and enforceable against Borrower and Borrower's personal representatives, successors, heirs and assigns. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine or neuter gender shall include all genders. This Note may be executed in any number of counterparts, all of which, when taken together shall constitute one Note.

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first hereinabove set forth.

BORROWER

EAGLE INDUSTRIES, LLC, DEBTOR-IN-POSSESSION

By:_____

BORROWER

EAGLE TRANSPORTATION, LLC, DEBTOR-IN-
        POSSESSION

By:_____

G:\doc\DMC\EAGLE INDUSTRIES\Promissory Note - Jose Rivas.docx

4

## PROMISSORY NOTE

$17,500.00                                                           Bowling Green, Kentucky

Octobter __, 2010

FOR VALUE RECEIVED, the undersigned, **Eagle Industries, LLC, debtor-in-possession** (*In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636*)**, and Eagle Transportation, LLC, debtor-in-possession** (*In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-1637*), (the "Borrower"), jointly and severally promises unconditionally to pay to the order of Reyes Ismael Alfaro, or his assignee(s) (the "Creditor") at120 River Wye Court, Bowling Green, KY 42101, or at such other place as Creditor may from time to time designate, the principal amount of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) (the "Principal Amount"), together with interest on the unpaid Principal Amount outstanding from time to time at the rate or rates hereafter specified and any and all other sums which may be owing to Creditor by Borrower pursuant to this Note. The following terms shall apply to this Note:

1. **Interest Rate.** As long as there is no existing uncured "Event of Default," as hereafter defined, interest shall accrue and be payable on the outstanding Principal Amount at a fixed rate of interest equal to one percent (1.00%) per annum. Interest shall be calculated on the basis of a year of 360 days applied to the actual days on which there exists an unpaid balance under this Note.

2. **Maturity Date.** Borrower shall repay the entire outstanding Principal Amount as well as all accrued and unpaid interest and all other sums due under this Note that remain unpaid on or before May 31, 2011 (the "Maturity Date").

3. **Manner and Application of Payments.** All payments due hereunder shall be paid in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, in immediately available funds, without offset, deduction or recoupment. Any payment by check or draft shall be subject to the condition that any receipt issued therefor shall be ineffective unless the amount due is actually received by Creditor. Each payment shall be applied first to the payment of all accrued and unpaid interest hereunder and, second, to the payment of the unpaid Principal Amount.

4. **Prepayment.** This Note may be prepaid in whole or in part at any time without premium or penalty.

5. **Loan Documents.** The obligations of Borrower evidenced by this Note are a part of the obligations referred to in the Agreed Order Authorizing Debtor to Obtain Senior Secured Super-Priority Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 364 and 507 entered in *In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636 And In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637.*

6. **Events of Default.** The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a) The failure of Borrower to pay any sum due under this Note when due, whether by demand or otherwise;

(b) the failure of Borrower to perform, observe or comply with any Order of the United States Bankruptcy Court;

(c) the effective date of any plan of reorganization or liquidation;

(d) the conversion of the Borrower's chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

(e) the appointment of a trustee or an examiner with special powers; or,

(f) the dismissal of the Borrower's chapter 11 Case.

7. **Rights and Remedies upon Default.** Upon the occurrence of an Event of Default hereunder, Creditor, in Creditor's sole discretion and without notice to Borrower or any other Obligor, may: (a) declare the entire outstanding Principal Amount, together with all accrued interest and all other sums due under this Note, to be immediately due and payable, and the same shall thereupon become immediately due and payable without presentment, demand or notice, which are hereby expressly waived; (b) terminate any outstanding commitments of Creditor to Borrower; and (c) exercise any or all rights, powers and remedies now or hereafter existing at law, in equity, by statute or otherwise.

8. **Remedies Cumulative.** Each right, power and remedy of Creditor hereunder, now or hereafter existing at law, in equity, by statute or otherwise shall be cumulative and concurrent, and the exercise or beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by Creditor of any or all such other rights, powers or remedies. No failure or delay by Creditor to insist upon the strict performance of any one or more provisions of this Note or to exercise any right, power or remedy upon a breach thereof or default hereunder shall constitute a waiver thereof or preclude Creditor from exercising any such right, power or remedy. By accepting full or partial payment any amount of principal of or interest after the Maturity Date, or other amounts payable on demand, Creditor shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal of or interest on this Note or other amounts payable on demand, or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Note.

9. **Interest Rate after Judgment.** If judgment is entered against Borrower on this Note, the amount of the judgment entered (which may include principal, interest, fees, and costs) shall bear interest at the higher of: (a) the rate of interest provided herein; (b) any default rate of interest provided herein; or (c) the legal rate of interest then applicable to judgments in the jurisdiction in which judgment was entered.

10. **Maximum Rate of Interest.** Notwithstanding any provision of this Note or the Loan Documents to the contrary, Borrower shall not be obligated to pay interest pursuant to this Note in excess of the maximum rate of interest permitted by the laws of any state determined to govern this Note or the laws of the United States applicable to loans in such state. If any provisions of this Note shall ever be construed to require the payment of any amount of interest in excess of that permitted by applicable law, then the interest to be paid pursuant to this Note shall be held subject to reduction to the amount allowed under applicable law and any sums paid in excess of the interest rate allowed by law shall be applied in reduction of the principal balance outstanding pursuant to this Note. Borrower acknowledges that it has been contemplated at all times by Borrower that the laws of the Commonwealth of Kentucky will govern the maximum rate of interest that is permissible for Creditor to charge Borrower pursuant to this Note.

11. **Certain Waivers by Borrower.** Borrower waives demand, presentment, protest and notice of demand, of non-payment, of dishonor and of protest of this Note. Creditor, without notice to or further consent of Borrower or any other Obligor and without in any respect compromising, impairing, releasing, lessening or affecting the obligations of Borrower hereunder or under any of the Loan Documents, may: (a) release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend or grant indulgences with respect to this Note, and (b) grant any extension or other postponements of the time of payment hereof.

12. **Choice of Law; Forum Selection; Consent to Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Kentucky (excluding the choice of law rules thereof). Borrower hereby (a) agrees that all disputes and matters whatsoever arising under, in connection with, or incident to this Note shall be litigated, if at all, in and before a court located in the Commonwealth of Kentucky to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the non-exclusive jurisdiction of any Kentucky court or federal court sitting in the Commonwealth of Kentucky in any action or proceeding arising out of or relating to this Note, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been

2

brought in an inconvenient forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.

13. **Invalidity of Any Part.** If any provision or part of any provision of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Note, but only to the extent of its invalidity, illegality or unenforceability. In any event, if any such provision pertains to the repayment of the indebtedness evidenced by this Note, then and in such event, at Creditor's option, the outstanding Principal Amount, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

14. **WAIVER OF JURY TRIAL. BORROWER HEREBY (a) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY A JURY, AND (b) WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH CREDITOR AND BORROWER MAY BE PARTIES ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS NOTE, ANY OF THE LOAN DOCUMENTS AND/OR ANY TRANSACTIONS, OCCURRENCES, COMMUNICATIONS OR UNDERSTANDINGS (OR THE LACK OF ANY OF THE FOREGOING) RELATING IN ANY WAY TO THE DEBTOR-CREDITOR RELATIONSHIP BETWEEN THE PARTIES. IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS, WHETHER INITIATED BY BORROWER AGAINST CREDITOR OR INITIATED BY CREDITOR AGAINST BORROWER. THIS WAIVER OF JURY TRIAL IS SEPARATELY GIVEN, KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY BORROWER AND BORROWER HEREBY AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. CREDITOR IS HEREBY AUTHORIZED TO SUBMIT THIS NOTE TO ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND BORROWER SO AS TO SERVE AS CONCLUSIVE EVIDENCE OF SUCH WAIVER OF RIGHT TO TRIAL BY JURY. BORROWER REPRESENTS AND WARRANTS THAT IT HAS BEEN REPRESENTED IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND/OR THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

15. **Notice.** Any notice, demand, request or other communication which Creditor or Borrower may be required to give hereunder shall be in writing, shall be effective and deemed received the following business day when sent by overnight courier, upon transmission if sent by facsimile or e- mail, or the third business day after deposited in first class United States mail, postage prepaid, and shall be addressed as follows, or to such other addresses as the parties may designate by like notice:

If to Borrower:

Amado Rivas, General Manager
Eagle Industries, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

Amado Rivas, General Manager
Eagle Transportation, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

with a copy to:

David M. Cantor, Esq.
Seiller Waterman, LLC
Meidinger Tower, 22nd Floor
462 South 4th Avenue

3

Louisville, KY 46204
*Counsel for Borrowers*

If to Creditor:

Reyes Ismael Alfaro
120 River Wye Court
Bowling Green, KY  42101

Notwithstanding anything to the contrary, all notices and demands for payment from Creditor actually received in writing by Borrower shall be considered to be effective upon the receipt thereof by Borrower regardless of the procedure or method utilized to accomplish delivery thereof to Borrower.

16. **Miscellaneous.** Time is of the essence under this Note. The paragraph headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof. This Note and the Loan Documents, if any, constitute the entire agreement between the parties with respect to their subject matter and supersede all prior letters, representations or agreements, oral or written, with respect thereto. Creditor may, without notice to or consent of Borrower, sell, assign, pledge or transfer this Note or sell, assign, transfer or grant participations in all or any part of the obligations evidenced by this Note to others at any time and from time to time, and Creditor may divulge to any potential assignee, transferee or participant all information, reports, financial statements and documents obtained in connection with this Note and any other Loan Documents or otherwise. No modification, release or waiver of this Note shall be deemed to be made by Creditor unless in writing signed by Creditor, and each such waiver, if any, shall apply only with respect to the specific instance involved. No course of dealing or conduct shall be effective to modify, release or waive any provisions of this Note or any of the other Loan Documents. This Note shall inure to the benefit of and be enforceable by Creditor and Creditor's successors and assigns and any other person to whom Creditor may grant an interest in the obligations evidenced by this Note and shall be binding upon and enforceable against Borrower and Borrower's personal representatives, successors, heirs and assigns. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine or neuter gender shall include all genders. This Note may be executed in any number of counterparts, all of which, when taken together shall constitute one Note.

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first hereinabove set forth.

BORROWER

EAGLE INDUSTRIES, LLC, DEBTOR-IN-POSSESSION

By:_____

BORROWER

EAGLE TRANSPORTATION, LLC, DEBTOR-IN-
    POSSESSION

By:_____

G:\doc\DMC\EAGLE INDUSTRIES\Promissory Note - Reyes Alfaro.docx

# PROMISSORY NOTE

$17,500.00                                                                 Bowling Green, Kentucky

Octobter __, 2010

FOR VALUE RECEIVED, the undersigned, **Eagle Industries, LLC, debtor-in-possession** (*In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636*)**, and Eagle Transportation, LLC, debtor-in-possession** (*In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637*), (the "Borrower"), jointly and severally promises unconditionally to pay to the order of Santos German Mendez, or his assignee(s) (the "Creditor") at 247 River Avon Court, Bowling Green, KY 42101, or at such other place as Creditor may from time to time designate, the principal amount of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) (the "Principal Amount"), together with interest on the unpaid Principal Amount outstanding from time to time at the rate or rates hereafter specified and any and all other sums which may be owing to Creditor by Borrower pursuant to this Note. The following terms shall apply to this Note:

1. **Interest Rate.** As long as there is no existing uncured "Event of Default," as hereafter defined, interest shall accrue and be payable on the outstanding Principal Amount at a fixed rate of interest equal to one percent (1.00%) per annum. Interest shall be calculated on the basis of a year of 360 days applied to the actual days on which there exists an unpaid balance under this Note.

2. **Maturity Date.** Borrower shall repay the entire outstanding Principal Amount as well as all accrued and unpaid interest and all other sums due under this Note that remain unpaid on or before May 31, 2011 (the "Maturity Date").

3. **Manner and Application of Payments.** All payments due hereunder shall be paid in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, in immediately available funds, without offset, deduction or recoupment. Any payment by check or draft shall be subject to the condition that any receipt issued therefor shall be ineffective unless the amount due is actually received by Creditor. Each payment shall be applied first to the payment of all accrued and unpaid interest hereunder and, second, to the payment of the unpaid Principal Amount.

4. **Prepayment.** This Note may be prepaid in whole or in part at any time without premium or penalty.

5. **Loan Documents.** The obligations of Borrower evidenced by this Note are a part of the obligations referred to in the Agreed Order Authorizing Debtor to Obtain Senior Secured Super-Priority Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 364 and 507 entered in *In re: Eagle Industries, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11636 and In re: Eagle Transportation, LLC, United States Bankruptcy Court, Western District of Kentucky, Case No. 10-11637.*

6. **Events of Default.** The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a) The failure of Borrower to pay any sum due under this Note when due, whether by demand or otherwise;

(b) the failure of Borrower to perform, observe or comply with any Order of the United States Bankruptcy Court;

(c) the effective date of any plan of reorganization or liquidation;

(d) the conversion of the Borrower's chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

(e) the appointment of a trustee or an examiner with special powers; or,

(f) the dismissal of the Borrower's chapter 11 Case.

7. **Rights and Remedies upon Default.** Upon the occurrence of an Event of Default hereunder, Creditor, in Creditor's sole discretion and without notice to Borrower or any other Obligor, may: (a) declare the entire outstanding Principal Amount, together with all accrued interest and all other sums due under this Note, to be immediately due and payable, and the same shall thereupon become immediately due and payable without presentment, demand or notice, which are hereby expressly waived; (b) terminate any outstanding commitments of Creditor to Borrower; and (c) exercise any or all rights, powers and remedies now or hereafter existing at law, in equity, by statute or otherwise.

8. **Remedies Cumulative.** Each right, power and remedy of Creditor hereunder, now or hereafter existing at law, in equity, by statute or otherwise shall be cumulative and concurrent, and the exercise or beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by Creditor of any or all such other rights, powers or remedies. No failure or delay by Creditor to insist upon the strict performance of any one or more provisions of this Note or to exercise any right, power or remedy upon a breach thereof or default hereunder shall constitute a waiver thereof or preclude Creditor from exercising any such right, power or remedy. By accepting full or partial payment any amount of principal of or interest after the Maturity Date, or other amounts payable on demand, Creditor shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal of or interest on this Note or other amounts payable on demand, or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Note.

9. **Interest Rate after Judgment.** If judgment is entered against Borrower on this Note, the amount of the judgment entered (which may include principal, interest, fees, and costs) shall bear interest at the higher of: (a) the rate of interest provided herein; (b) any default rate of interest provided herein; or (c) the legal rate of interest then applicable to judgments in the jurisdiction in which judgment was entered.

10. **Maximum Rate of Interest.** Notwithstanding any provision of this Note or the Loan Documents to the contrary, Borrower shall not be obligated to pay interest pursuant to this Note in excess of the maximum rate of interest permitted by the laws of any state determined to govern this Note or the laws of the United States applicable to loans in such state. If any provisions of this Note shall ever be construed to require the payment of any amount of interest in excess of that permitted by applicable law, then the interest to be paid pursuant to this Note shall be held subject to reduction to the amount allowed under applicable law and any sums paid in excess of the interest rate allowed by law shall be applied in reduction of the principal balance outstanding pursuant to this Note. Borrower acknowledges that it has been contemplated at all times by Borrower that the laws of the Commonwealth of Kentucky will govern the maximum rate of interest that is permissible for Creditor to charge Borrower pursuant to this Note.

11. **Certain Waivers by Borrower.** Borrower waives demand, presentment, protest and notice of demand, of non-payment, of dishonor and of protest of this Note. Creditor, without notice to or further consent of Borrower or any other Obligor and without in any respect compromising, impairing, releasing, lessening or affecting the obligations of Borrower hereunder or under any of the Loan Documents, may: (a) release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend or grant indulgences with respect to this Note, and (b) grant any extension or other postponements of the time of payment hereof.

12. **Choice of Law; Forum Selection; Consent to Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Kentucky (excluding the choice of law rules thereof). Borrower hereby (a) agrees that all disputes and matters whatsoever arising under, in connection with, or incident to this Note shall be litigated, if at all, in and before a court located in the Commonwealth of Kentucky to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the non-exclusive jurisdiction of any Kentucky court or federal court sitting in the Commonwealth of Kentucky in any action or proceeding arising out of or relating to this Note, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been

2

brought in an inconvenient forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.

13. **Invalidity of Any Part.** If any provision or part of any provision of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Note, but only to the extent of its invalidity, illegality or unenforceability. In any event, if any such provision pertains to the repayment of the indebtedness evidenced by this Note, then and in such event, at Creditor's option, the outstanding Principal Amount, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

14. **WAIVER OF JURY TRIAL. BORROWER HEREBY (a) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY A JURY, AND (b) WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH CREDITOR AND BORROWER MAY BE PARTIES ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS NOTE, ANY OF THE LOAN DOCUMENTS AND/OR ANY TRANSACTIONS, OCCURRENCES, COMMUNICATIONS OR UNDERSTANDINGS (OR THE LACK OF ANY OF THE FOREGOING) RELATING IN ANY WAY TO THE DEBTOR-CREDITOR RELATIONSHIP BETWEEN THE PARTIES. IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS, WHETHER INITIATED BY BORROWER AGAINST CREDITOR OR INITIATED BY CREDITOR AGAINST BORROWER. THIS WAIVER OF JURY TRIAL IS SEPARATELY GIVEN, KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY BORROWER AND BORROWER HEREBY AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. CREDITOR IS HEREBY AUTHORIZED TO SUBMIT THIS NOTE TO ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND BORROWER SO AS TO SERVE AS CONCLUSIVE EVIDENCE OF SUCH WAIVER OF RIGHT TO TRIAL BY JURY. BORROWER REPRESENTS AND WARRANTS THAT IT HAS BEEN REPRESENTED IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND/OR THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

15. **Notice.** Any notice, demand, request or other communication which Creditor or Borrower may be required to give hereunder shall be in writing, shall be effective and deemed received the following business day when sent by overnight courier, upon transmission if sent by facsimile or e- mail, or the third business day after deposited in first class United States mail, postage prepaid, and shall be addressed as follows, or to such other addresses as the parties may designate by like notice:

If to Borrower:

Amado Rivas, General Manager
Eagle Industries, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

Amado Rivas, General Manager
Eagle Transportation, LLC, Debtor-in-possession
P.O. Box 9697
Bowling Green, KY 42102-9697

with a copy to:

David M. Cantor, Esq.
Seiller Waterman, LLC
Meidinger Tower, 22nd Floor
462 South 4th Avenue

Louisville, KY 46204
*Counsel for Borrowers*

If to Creditor:

Santos German Mendez
247 River Avon Court
Bowling Green, KY  42101

Notwithstanding anything to the contrary, all notices and demands for payment from Creditor actually received in writing by Borrower shall be considered to be effective upon the receipt thereof by Borrower regardless of the procedure or method utilized to accomplish delivery thereof to Borrower.

16. **Miscellaneous.** Time is of the essence under this Note. The paragraph headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof. This Note and the Loan Documents, if any, constitute the entire agreement between the parties with respect to their subject matter and supersede all prior letters, representations or agreements, oral or written, with respect thereto. Creditor may, without notice to or consent of Borrower, sell, assign, pledge or transfer this Note or sell, assign, transfer or grant participations in all or any part of the obligations evidenced by this Note to others at any time and from time to time, and Creditor may divulge to any potential assignee, transferee or participant all information, reports, financial statements and documents obtained in connection with this Note and any other Loan Documents or otherwise. No modification, release or waiver of this Note shall be deemed to be made by Creditor unless in writing signed by Creditor, and each such waiver, if any, shall apply only with respect to the specific instance involved. No course of dealing or conduct shall be effective to modify, release or waive any provisions of this Note or any of the other Loan Documents. This Note shall inure to the benefit of and be enforceable by Creditor and Creditor's successors and assigns and any other person to whom Creditor may grant an interest in the obligations evidenced by this Note and shall be binding upon and enforceable against Borrower and Borrower's personal representatives, successors, heirs and assigns. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine or neuter gender shall include all genders. This Note may be executed in any number of counterparts, all of which, when taken together shall constitute one Note.

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first hereinabove set forth.

BORROWER

EAGLE INDUSTRIES, LLC, DEBTOR-IN-POSSESSION

By:_____

BORROWER

EAGLE TRANSPORTATION, LLC, DEBTOR-IN-
    POSSESSION

By:_____

G:\doc\DMC\EAGLE INDUSTRIES\Promissory Note - Santos Mendez.docx