UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EAGLE INDUSTRIES, LLC | ) | Case No.: 10-11636 |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ ) | | |
| | ) | |
| EAGLE TRANSPORTATION, LLC | ) | Case No. : 10-11637 |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ ) | | |

**AGREED ORDER AUTHORIZING DEBTOR TO OBTAIN SENIOR
SECURED SUPER-PRIORITY POST-PETITION FINANCING PURSUANT
TO 11 U.S.C. §§ 105, 361, 364 AND 507**

THIS MATTER is before the Court upon the emergency motion, dated October 28, 2010,

of Eagle Industries, LLC and Eagle Transportation, LLC (collectively referred to herein as

"Eagle" or the "Debtor" or the "Borrower"), the debtors and debtors in possession herein, for a

final order authorizing it to incur post-petition senior secured indebtedness, grant adequate

protection, security interests and superpriority claims pursuant to sections 105(a), 361, 362, and

364 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and

Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"); and Citizens First Bank ("Citizens First") having agreed to lend post-petition secured

indebtedness; and certain individuals having agreed to lend post-petition unsecured indebtedness

under the terms, conditions and protections contained herein (this order being referred to herein

as the "Agreed Order" or the "Final Order"); it has been represented to the Court by the parties as follows:

**NOW, THEREFORE, THE COURT HEREBY FINDS THAT:**

A.    <u>Petition Date</u>.  On  October 27, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Since the Petition Date, the Debtor has remained in possession of its property and continues to manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee of unsecured creditors, as provided for under section 1102 of the Bankruptcy Code, has been appointed in this chapter 11 case.

B.    <u>Jurisdiction; Venue</u>.  This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

C.    <u>Notice</u>.  Notice of the hearing on this matter was provided by the Debtor to: (i) the United States Trustee; (ii) the creditors included in the list filed by the Debtor pursuant to Rule 1007(d) of the Bankruptcy Rules; (iii) all known secured creditors of the Debtor claiming or asserting an interest in the proceeds; and (iv) all creditors and other parties in interest that have filed notices of appearance in this Chapter 11 Case pursuant to Rule 2002 of the Bankruptcy Rules. Notice of the hearing on this matter is appropriate, adequate and sufficient under the circumstances set forth herein and presented to this Court, and complies with the provisions of sections 363 and 364 of the Bankruptcy Code, Rules 2002, 4001 and 9014 of the Bankruptcy Rules, and all other applicable law.

D.  Debtor's Stipulations.  In connection with the relief provided for herein, the Debtor permanently, immediately and irrevocably acknowledges, represents, stipulates and agrees that:

(i)  From time to time prior to the Petition Date, the Debtor borrowed money and received other financial accommodations from Citizens First (the "Citizens First Credit"). Citizens First was granted security interests and liens on, among other things, all of the Debtor's accounts receivable, inventory, equipment, certain trucks and trailers, chattel paper, and general intangibles (collectively, the "Citizens First Pre-Petition Collateral"). The obligations and indebtedness arising from the Citizens First Pre-Petition Credit shall be referred to as the "Citizens First Pre-Petition Indebtedness."  As of the Petition Date, the outstanding Citizens First Pre-Petition Indebtedness was in excess of $3,671,140.28.

(ii)  The Citizens First Pre-Petition Indebtedness is evidenced by various promissory notes and security agreements (the "Citizens First Loan Documents"). Pursuant to the Citizens First Loan Documents, Citizens First holds, among other things, a properly filed and perfected first priority lien on the Citizens First Pre-Petition Collateral (the "Citizens First Pre-Petition Liens").

(iii)  Citizens First perfected its security interests and liens in and to the Citizens First Pre-Petition Collateral by filing a certain financing statement with the Office of the Secretary of State of the Commonwealth of Kentucky, which statement has been timely continued and remains in full force and effect; and by filing title lien statements on the trucks and trailers which remain in full force and effect.

(iv)    The Citizens First Pre-Petition Collateral constitutes "Cash Collateral" within the meaning of section 363(a) of the Bankruptcy Code.

(v)    Citizens First is not a control person or insider of the Debtor by virtue of making decisions with respect to the Debtor's use of Cash Collateral, or in taking any actions with respect to, in connection with, related to, or arising from the Citizens First Bank DIP Loan Documents (defined hereinbelow) and/or the Citizens First Loan Documents, and/or this Agreed Order;

(vi)    as of the date hereof, there exist no claims or causes of action against Citizens First with respect to, in connection with, related to, or arising from the Debtor that may be asserted by the Debtor or any other person or entity; and

(vii)    the Debtor forever and irrevocably releases, discharges, and acquits Citizens First, and each of its respective former, current or future officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors in interest (collectively, the "Releasees") of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, accrued, unaccrued, fixed, contingent, pending, or threatened including, without limitation, all legal and equitable theories of recovery, arising under common law, statute or regulation or by contract, of every nature and description, including, without limitation, (i) with respect to the Citizens First Pre-Petition Indebtedness and/or the Debtor's attempts to refinance the Citizens First Pre-Petition Indebtedness, any so-called "lender liability"

or equitable subordination claims or defenses, (ii) any and all claims and causes of action arising under the Bankruptcy Code, and (iii) any and all claims and causes of action regarding the validity, priority, perfection or avoidability of the liens or claims of Citizens First, and all such liens and security interests will be deemed to be irrevocably and unconditionally valid, enforceable and perfected first priority liens on the Debtor's property, and all other parties in interest will be forever barred from asserting any challenge thereto.

      E.    <u>Purpose and Necessity of Financing</u>.   The Debtor desires to continue to operate its business.  The Debtor requires debtor-in-possession financing in the amount of $371,000.00 which is to be advanced by Citizens First (the "Citizens First DIP Loan")  on an immediate and emergency basis to, among other things, immediately fund payroll and other ongoing working capital requirements of the Debtor in the amounts set forth in the budget attached hereto as Exhibit A and incorporated herein (the "Budget") for the relevant budget period.  The terms of the Citizens First DIP Loan are set forth in the loan documents attached hereto as Exhibit B and incorporated herein (the "Citizens First DIP Loan Documents").  If the Debtor does not obtain immediate authorization to borrow and the Citizens First DIP Loan is not approved, the Debtor will suffer immediate and irreparable harm as it has no other source of funds to finance its continued operations.  The Debtor is unable to obtain adequate unsecured credit allowable as an administrative expense under section 503 of the Bankruptcy Code, or other financing under sections 364(c) or (d) of the Bankruptcy Code, on equal or more favorable terms than those set forth in the Citizens First DIP Loan Documents and herein. A loan facility in the amount provided by the Citizens DIP Loan Documents is not available without granting Citizens First superpriority claims, liens, and security interests, pursuant to, inter alia, sections 364(c)(l), (2),

(3), and 364(d) of the Bankruptcy Code, as provided in this Agreed Order and the Citizens First DIP Loan Documents and without providing for the other relief contemplated herein. After considering all alternatives, the Debtor has concluded, in the exercise of its prudent business judgment, that the loan facility provided under the Citizens First DIP Loan Documents and the Subordinate DIP Loan described herein below represents the best and only source of financing available to it.

F.     <u>Necessity of Subordinate DIP Loan</u>.  In addition to the  Citizens First DIP Loan, the individual owners have agreed to advance an aggregate sum of $70,000.00, representing the additional financing needed by the Debtor in order to continue its operations, which will be subordinated  and inferior to the Citizens First DIP Loan (the "Subordinate DIP Loan").  The individual lenders (the "Subordinate DIP Lender"), are Santos German Mendez; Felipe Murrillo Rivas; Reyes Ismael Alfaro; and Jose Oliver Rivas.  The Subordinate DIP Lender shall be unsecured and shall be subordinated and inferior to Citizens First's rights and protections.  The terms of the Subordinate DIP Loan are attached hereto as Exhibit C and incorporated herein (the "Subordinate DIP Loan Documents").   The Citizens First DIP Loan Documents and the Subordinate DIP Loan Documents may be referred to collectively herein as the "DIP Loan Documents" and the two loans may be collectively referred to herein as the "DIP Loans." Citizens First and the Subordinate DIP Lender may be collectively referred to herein as the "DIP Lenders."

G.     <u>Good Cause</u>.  Good cause has been shown for the entry of this Agreed Order. Among other things, entry of this Agreed Order will minimize further disruption of the Debtor's business, will enable the Debtor to preserve and maintain its assets and will avoid immediate and

irreparable harm to, and is in the best interests of, the Debtor, its creditors and its estate. The relief authorized herein is necessary to avoid immediate and irreparable harm to the Debtor within the meaning of Rule 4001(c)(2) of the Bankruptcy Rules. The Debtor has demonstrated sufficient cause to grant the relief authorized herein.

H. <u>Budget</u>. The Budget is achievable and will allow the Debtor to operate in the Chapter 11 Case and pay administrative expenses as they come due during the relevant budget period. Citizens First is relying upon the Debtor's compliance with the Budget in accordance with the Agreed Order in determining to enter into the Citizens First DIP Loan Documents and authorize the use of Cash Collateral on the terms set forth in the Citizens First DIP Loan Documents and the Budget.

I. <u>Good Faith</u>. The terms of this Agreed Order and the DIP Loan Documents have been negotiated at arms' length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, are for reasonably equivalent value and fair consideration, and have been entered into in good faith as that term is used in the Bankruptcy Code. Any DIP Loans and/or other financial accommodations made to the Debtor by the DIP Lenders pursuant to this Agreed Order and/or the DIP Loan Documents are, and shall be deemed to have been, extended by the DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code, and the DIP Lenders shall be entitled to all protections afforded thereunder, including, without limitation, the full protection of section 364(e) of the Bankruptcy Code in the event that this Agreed Order or any provision thereof is stayed, vacated, reversed, rescinded or modified, on appeal or otherwise. The terms of the credit facility provided under the DIP Loan Documents are fair and reasonable, reflect the Debtor's exercise of prudent business judgment

consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

J.   Consideration. The Debtor will receive and has received fair and reasonable consideration in exchange for access to the DIP Loans and all other financial accommodations provided under the DIP Loan Documents and this Agreed Order and the entrance thereof and execution.

K.   Immediate Entry of Final Order. The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001 (c)(2). The permission granted herein to enter into the DIP Loan Documents and to obtain funds thereunder is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Final Order is in the best interest of the Debtor's estate and creditors as its implementation will, among other things, allow for the retention of the Debtor's employees as well as the purchase of supplies and services necessary for the Debtor to sustain the operation of its existing business.

L.   Agreement of DIP Lenders.  The DIP Lenders are willing to lend the DIP financing only upon the terms, conditions, limitations and protections set forth in this Agreed Order.

M.   Other. This Court finds and concludes that:

(i)    the Debtor has obtained all authorizations, consents and approvals necessary from, and have made all filings with and given all notices to, all federal, state and local governmental agencies, authorities and instrumentalities required to be obtained, made or given by the Debtor in connection with the execution, delivery, performance, validity and enforceability of the DIP Loan Documents to which the Debtor is a party;

(ii)    in entering into the DIP Loan Documents, and as consideration therefor, the Debtor has agreed that until such time as all of the obligations of the Debtor under the DIP Loan Documents (the "DIP Obligations") and the Citizens First Pre-Petition Indebtedness are indefeasibly paid in full in cash and completely satisfied, and the commitments are terminated in accordance with the terms of the DIP Loan Documents, the Debtor shall not in any way prime or seek to prime (or otherwise cause to be subordinated in any way) the Citizen First Pre-Petition Liens and/or any of the claims, liens or security interests provided under this Agreed Order by offering a subsequent lender or any person or entity a superior or *pari passu* lien, security interest or claim pursuant to section 364 of the Bankruptcy Code, or otherwise; and

(iii)    in entering into the DIP Loan Documents, and as consideration therefor, the Debtor has agreed that it shall not seek from any third party any additional financing (whether equity or debt); *provided, however*, that the Debtor shall be authorized to seek commitments to provide additional financing only if such additional financing shall enable the Debtor to immediately and indefeasibly pay in full in cash and completely satisfy the DIP Obligations and the Citizens First Prepetition Indebtedness pursuant to the terms of the DIP Loan Documents and the Citizens First Loan Documents.

Based upon the foregoing findings, agreements, acknowledgements, stipulations, and conclusions, and upon the record made before this Court at the interim hearing, and good and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The findings contained in paragraphs A through M of this Agreed Order are incorporated herein by reference hereto.

2.     The Motion is granted on the terms set forth herein. Any objections to the Motion that have not previously been withdrawn or resolved are hereby overruled with prejudice. This Final Order shall be valid and binding on all persons and entities, and fully effective immediately upon entry notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062, and 9014 or any other law, rule or regulation.  The DIP Loan Documents shall constitute and are hereby deemed to be the legal, valid and binding obligations of the Debtor, enforceable against the Debtor  and their estates, as applicable, in accordance with the DIP Loan Documents. All obligations under the DIP Loan Documents and hereunder shall constitute valid and binding obligations of the Debtor enforceable against it, and their successors and assigns (including, without limitation, any examiner or trustee appointed in a case under chapter 7 or chapter 11 of the Bankruptcy Code), in accordance with their terms and the terms of the DIP Loan Documents and this Final Order. No obligation, payment, transfer or grant of security under the DIP Loan Documents or this Final Order shall be stayed, restrained, disallowed, voidable or recoverable under the Bankruptcy Code or under any applicable law or subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment or any other challenges under the Bankruptcy Code or any other applicable law or regulation by any person or entity.   The Debtor is immediately authorized to obtain the DIP Loans, pursuant to the terms of the DIP Loan Documents and this Final Order.

3.      <u>Maturity and Repayment of Citizens First DIP Loan</u>.  The Debtor shall repay any outstanding advances and loans under the Citizens First DIP Loan on the earliest of:

(i) the payment schedule set forth hereinbelow:

| Rate | Repayment Terms | Amount |
|---|---|---|
| 6.00% | Int due 11/30/2010 | $ 2,226.00 |
| | Int due 12/31/2010 | $ 1,917.00 |
| | P&I due 12/31/2010 | $ 61,275.00 |
| | P&I due 1/31/2011 | $ 71,275.00 |
| | Int due 2/28/2011 | $ 1,190.00 |
| | P&I due 3/31/2011 | $ 242,275.00 |

provided, however, that unless sooner paid, the entire amount of the unpaid Principal Amount as well as all accrued and unpaid interest and all other sums due under Note that remain unpaid shall be repaid by March 31, 2011 which is the final and absolute due date of this Note (the "Maturity Date").  The estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under the Note.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. Debtor will pay Citizens First at 1805 Campbell Lane, Bowling Green, KY 42104 or at such other place as Citizens First may designate in writing;

(ii) (a) the occurrence of an event of default under this Agreed Order or under the Citizens First DIP Loan Documents, and (b) the effective date of any plan of reorganization or liquidation;

(iii) entry of an order reversing in any respect this Agreed Order (unless waived in writing by Citizens First);

(iv) the conversion of the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code;

(v) the appointment of a trustee or an examiner with special powers; and

(vi) the dismissal of the Chapter 11 Case.

4.  <u>Maturity and Repayment of Subordinate DIP Loan</u>.  The Debtor shall not repay the Subordinate DIP Loan until such time as the Debtor has repaid $130,000.00 of the principal of the Citizens First DIP Loan, plus accrued interest, Citizens First's costs and attorneys fees.. All sums repaid on the Subordinate DIP Loan shall be pledged as collateral to secure any and all amounts remaining to be paid under the Citizens First DIP Loan and the Citizens First Pre-Petition Indebtedness and upon repayment shall be held in an escrow account held by Harned Bachert & McGehee PSC.

5.  <u>Citizens First's Superpriority Claim</u>. Citizens First is hereby granted an allowed superpriority administrative expense claim (the "Superpriority Claim") pursuant to section 364(c)(l) of the Bankruptcy Code for all obligations of the Debtor under the Citizens First DIP Loan (the "Citizens First DIP Obligations") having priority over any and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kinds specified in or arising or ordered under sections 105(a), 326, 328, 330, 331, 503(b), 506(c), 507, 546(c), 726, 1113, and 1114 of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, which allowed claims shall be payable

from and have recourse to all pre- and post-petition property of the Debtor and all proceeds thereof.

6.  Citizens First's Lien Priority.

(a)     To secure the Citizens First DIP Obligations, Citizens First is hereby granted, pursuant to sections 364(c)(2) and section 364(d)(1) of the Bankruptcy Code, a valid, binding, continuing, enforceable fully-perfected,  first priority priming security interest in all pre-petition and post-petition equipment, accounts receivables, cash, inventory, work in process and general intangibles of the Debtor, whether now owned or hereafter acquired (the "Collateral") as well as  all trucks and trailers, whether or not encumbered prepetition, the proceeds of the Subordinate DIP Loan of $70,000.00,  and all rights, claims, and other causes of action of such Debtor's estates (including any actions asserted by any Debtor or any subsequently appointed trustees or representatives of that Debtor's estate under any section of the Bankruptcy Code), and in each case, all proceeds resulting therefrom, including proceeds from avoidance actions under sections 544, 545, 547, 548 , 550, 551, or 553 of the Bankruptcy Code.  "Collateral" shall also include any and all rents, issues, products, offspring and profits generated by any item of Collateral, without the necessity of any further action of any kind or nature by Citizens First in order to claim or perfect such rents, issues, products, offspring and/or profits (the security interests and liens described herein shall collectively be referred to as the "Post-Petition Liens").

(b)     The Post-Petition Liens shall be effective immediately upon the entry of the Agreed Order.

(c)     The Post-Petition Liens shall not at any time be (i) made subject or subordinated to, or made *pari passu* with any other lien, security interest or claim existing as of

the Petition Date, or created under sections 363 or 364(d) of the Bankruptcy Code thereafter or hereafter or otherwise unless all the Citizens First DIP Obligations have been indefeasibly paid in full in cash and completely satisfied and Citizens First's commitments have been terminated in accordance with the Citizens First DIP Loan Documents or (ii) subject to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code.

(d)     The Post-Petition Liens shall be and hereby are valid, binding, continuing, enforceable fully-perfected liens and security interests, effective and perfected upon the date of this Agreed Order without the necessity of execution by the Debtor of mortgages, security agreements, pledge agreements, account control agreements, financing agreements, financing statements or other agreements, such that no additional steps need be taken by Citizens First (or any other party) to perfect such interests. However, the Debtor shall cooperate with Lender to execute and record further documentation on terms, and pursuant to documentation, satisfactory to Lender, and, subject to customary and limited exceptions to be agreed upon, including that none of the collateral shall be subject to any other pledges, security interests or mortgages (other than the prepetition liens, which prepetition liens shall in each case be junior in all respect to the liens securing the Citizens First DIP Obligations).  Any provision of any lease, loan document, easement, use agreement, proffer, covenant, license, contract, organizational document or other instrument or agreement that requires the consent or approval of one or more landlords, licensors or other parties, or requires the payment of any fees or obligations to any governmental entity, non-governmental entity, or any other person, in order for any of the Debtor to pledge, grant, mortgage, sell, assign or otherwise transfer any fee or leasehold interest or the proceeds thereof

or other Collateral, is and shall be deemed to be inconsistent with the provisions of the Bankruptcy Code and shall have no force or effect with respect to the transactions granting Citizens First a priority security interest in such fee, leasehold or other interest or other collateral or the proceeds of any assignment, sale or other transfer thereof by the Debtor in favor of Citizens First.

(e)     The Post-Petition Liens, Superpriority Claim, and other rights and remedies granted under this Agreed Order to Citizens First shall continue in this case and in any superseding case or cases under the Bankruptcy Code (including any case under chapter 7 thereof) and shall survive dismissal of the Chapter 11 Case, and such liens and security interests shall maintain their priority secured lien status as provided in this Agreed Order until all the Citizens First DIP Obligations have been indefeasibly paid in full in cash and completely satisfied and Citizens First's commitments have been terminated in accordance with the Citizens First DIP Loan Documents.  Nonetheless, Citizens First is authorized to make any public filings it may deem necessary or desirable.

7.     <u>Events of Default.</u>     The Debtor shall be in default, and the Citizens First DIP Loan shall be immediately due and owing in the event of any of the following:

(i)      the occurrence of an event of default under this Agreed Order or the DIP Loan Documents;

(ii)     the failure to make any of the interest or principal payments set forth in Paragraph 3 hereof;

(iii)    the failure to pay when due the adequate protection payments to Citizens First Bank pursuant to the Agreed Interim Order Authorizing Debtor to Utilize Cash Collateral of Prepetition Lender and Granting Adequate Protection to Prepetition Lender, and any additional interim and/or final orders providing for adequate protection payments to Citizens First.;

(iv) for failure to pay when due the following adequate protection payments to PBI Bank, Inc., in accordance with the payment schedule set forth in the Agreed Order of Adequate Protection entered into by the Debtor and PBI Bank, and any additional interim or final orders providing for adequate protection payments to PBI Bank;

(v) the effective date of any plan of reorganization or liquidation;

(vi) entry of an order reversing in any respect the any order approving use of cash collateral, or payment of adequate protection to Citizens First or PBI Bank, Inc., Inc. (unless waived in writing by Citizens First and/or PBI Bank, Inc.);

(vii) the conversion of the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code;

(viii) the appointment of a trustee or an examiner with special powers; and

(ix) The dismissal of the Chapter 11 Case

7. <u>Subordinate DIP Lender Superpriority Claim and Lien Priority.</u> Subordinate DIP Lender shall also have a Superpriority Claim as defined hereinabove, but said claim shall be subordinate and inferior to the Superpriority Claim of Citizens First.

8. <u>Carve-Out; Other.</u>

(a) Payment of any amounts on account of the Post-Petition Liens, the Superpriority Claim, the Citizens First Pre-Petition Indebtedness, and the Citizens First Pre-Petition Liens, shall be subject and subordinate to payment of the Carve-Out. For purposes of this Agreed Order, the Carve Out shall mean (i) all amounts payable pursuant to 28 U.S.C. § 1930(a)(6) with respect to the Debtor, (ii) in the event of a conversion of the Chapter 11 Case of the Debtor to a case under chapter 7 of the Bankruptcy Code, fees and expenses incurred by a trustee and any professional retained by such trustee in an aggregate amount not to exceed $8,000,

and (iii) any, fees, costs, disbursements, charges and expenses (as allowed by the Bankruptcy Court) of attorneys, accountants and other professionals of (x) the Debtor retained in the Chapter 11 Case pursuant to Sections 327, 328, 330, 331 and 1103 of the Bankruptcy Code and (y) an official unsecured creditors committee (if any) appointed by the Bankruptcy Court with respect to the Debtor's Chapter 11 Case; *provided*, *however*, that the aggregate amount of all such fees, costs, disbursements, charges and expenses entitled to priority as part of the Carve Out under clause (iii) above shall not exceed $8,000.

(b)     Nothing herein shall limit any rights of Citizens First to challenge the allowance, reasonableness or appropriateness of, or otherwise object to, any request for compensation subject to the Carve-Out, which rights are specifically preserved.

9.     <u>Claims Stipulation Investigation Period Reservation of Rights</u>.  Notwithstanding anything to the contrary in any other order of this Court, until the day that is ninety (90) days from the date of entry of this Order (the "Investigation Termination Date"), any party in interest (other than the Debtor or its affiliates or subsidiaries or its employees, officers, agents, representatives, boards of directors or equity holders) shall be entitled to investigate the accuracy of the findings and stipulations set forth in Paragraph D hereof (the "Debtor's Stipulations") or their estates against Citizens First; *provided*, *however*, that no assets, interests in assets, property, interests in property (in each case, with respect to the Debtor), Carve-Out expenses, cash collateral, Collateral and/or proceeds of the DIP Loans may be used in any amount whatsoever for the payment or reimbursement of any fees of any person or entity incurred in connection with making any such investigation.  Any assertion of claims or causes of action against Citizens First must be made by commencing an adversary proceeding on or before the

Investigation Termination Date. If no such action is filed on or before the Investigation Termination Date, all persons and entities shall be forever barred from bringing or taking such action and the Debtor's Stipulations shall be permanently and irrevocably binding upon all persons and entities; *provided*, *however*, that such Debtor's Stipulations shall not bind any chapter 11 or chapter 7 trustee appointed in the Debtor's Chapter 11 Case. If such an action is timely and properly brought, any claim or action that is not brought shall be waived and forever barred. For the avoidance of doubt, the Debtor, its affiliates or subsidiaries or its employees, officers, agents, representatives, boards of directors or equity holders shall not be entitled to investigate the Debtor's Stipulation and each such party is hereby specifically prohibited and estopped from conducting any such investigation or taking any action with respect thereto.

10. <u>Incorporation by Reference of DIP Loan Documents</u>. The DIP Loan Documents are hereby approved in their entirety. All terms and conditions of the DIP Loan Documents are incorporated by reference and shall be binding and enforceable to the same extent as if set forth herein in the first instance.

11. <u>Cash Management Systems</u>. The Debtor is authorized to maintain its cash management system in a manner consistent with the Citizens First DIP Loan Documents, the Citizens First Loan Documents, this Agreed Order, and an order of this Court (if any) approving the maintenance of the Debtor's cash management system, *provided, however*, that such order is on terms and conditions acceptable to Citizens First and to the extent that it is not inconsistent with the terms specified herein, the Citizens First DIP Loan Documents and/or the Citizens First Loan Documents.

12.     <u>Exercise of Remedies</u>. Citizens First is authorized to exercise any and all of its rights and remedies in accordance with the terms of the Citizens First DIP Loan Documents and to take all actions required or permitted by the Citizens First DIP Loan Documents without necessity of further Court orders. Following receipt of any notice or instruction from Citizens First and until such notice or instruction is expressly withdrawn by Citizens First, each bank, financial institution or other person at which the Debtor maintains the company account, any deposit account or any other lockbox or similar arrangement shall only comply with Citizens First's written instructions or directions with respect to any withdrawal, payment, transfer or other disposition of funds from such company account, deposit account or other lockbox or similar arrangement (and each such bank, financial institution or other person is hereby directed to comply with such instructions and directions of Citizens First without any further action by the Debtor or the Court).

13.     <u>Relief from Automatic Stay</u>.  In the event of an Event of Default under this Agreed Order or under the Citizens First DIP Loan Documents that is not cured by the Debtor, the automatic stay shall be terminated as to Citizens First without further order of this Court. In order to effectuate the termination of the automatic stay, Citizens First shall be required to file an Affidavit of Default under this Agreed Order and/or the Citizens First DIP Loan Documents with this Court and serve it upon the Debtor, Debtor's counsel, the Office of the United States Trustee, and all other parties requesting notice in the Chapter 11 Case. The automatic stay shall be terminated immediately upon the filing of such Affidavit of Default without further order of this Court.

14. <u>Insurance</u>. The Debtor shall maintain adequate insurance on its assets including, general liability coverage naming Citizens First as a lender's loss payee and the Debtor shall provide proof of such insurance within five (5) business days of entry of this Agreed Order.

15. <u>No Modification of Liens</u>. The liens and security interests granted to Citizens First pursuant to this Agreed Order shall not be modified, altered, or affected in any manner except with Citizens First's express written consent.

16. <u>Effect of Modification, Vacation or Stay of Agreed Order</u>. Except as otherwise provided herein, if any or all of the provisions of this Agreed Order are hereafter modified, vacated or stayed by a subsequent order of this or any other Court, such stay, modification or vacation shall not affect the validity of the secured claims of Citizens First incurred by the use of the cash collateral of Citizens First, the Citizens First Pre-Petition Collateral, or the post-petition collateral pursuant to this Agreed Order; and Citizens First be entitled to all the rights, privileges and benefits, including the security interests and priorities granted herein and all rights specifically granted by the Bankruptcy Code.

17. <u>Waiver</u>. In consideration of the terms of this Agreed Order, the Debtor hereby irrevocably waives and is barred from asserting or exercising any right, without (a) Citizens First's prior written consent or (b) prior indefeasible payment and satisfaction in full of the Citizens First Indebtedness, to (i) grant or impose, under section 364 of the Bankruptcy Code or otherwise, senior or equal liens on or security interests in the pre-petition or post-petition collateral of Citizens First; or (ii) modify or affect any of the rights of Citizens First under this Agreed Order or the Citizens First Loan Documents.

18. <u>No Imposition of Costs or Expenses against Citizens First.</u>  No costs or expenses of administration or other charge, lien, assessment or claim of any person or entity (whether incurred after the Petition Date, any conversion of this chapter 11 case pursuant to section 1112 of the Bankruptcy Code or any other proceedings related hereto or thereto) shall be imposed against Citizens First under section 506(c) of the Bankruptcy Code or otherwise.

19. <u>No Disposition Outside Ordinary Course.</u>  No sale, lease or other disposition of Citizens First's collateral outside of the ordinary course of business (including collection of accounts receivable or any liquidation, auction or other similar sales) may be done without Citizens First's prior written consent.

20. <u>Access to Information.</u>  The Debtor shall permit Citizens First and any authorized representatives designated by Citizens First to visit and inspect any of the properties of the Debtor, to review the Debtor's financial and accounting records, and to make copies and take extracts therefrom, and to discuss the Debtor's affairs, finances and business with the Debtor's officers, consultants and accountants, at such times and as often as may be reasonably requested, subject to any applicable order of this Court. Without limiting the generality of the foregoing, the Debtor shall promptly provide Citizens First and its designated representatives any information or data reasonably requested to monitor the Debtor's compliance with the covenants and the other provisions of this Agreed Order, the Citizen First Loan Documents, the Citizens First DIP Loan Documents,  and the Budget; and to perform appraisals or other valuation analyses of any property of the Debtor.

21. <u>No Extension of Maturity Date.</u>  Nothing in this Agreed Order shall commit Citizens First to extend the maturity date of the Citizens First Pre-Petition Indebtedness.

22. <u>No Waiver by Citizens First.</u>  Except to the extent otherwise provided herein, nothing contained herein shall constitute a waiver by Citizens First of any rights, claims or privileges or interests under any agreements, documents, instruments or by virtue of any law, and nothing contained herein shall prejudice any right of Citizens First to seek additional adequate protection, relief from the automatic stay, appointment of a trustee or examiner, conversion of this case to a case under chapter 7 of the Bankruptcy Code or to exercise any other rights afforded Citizens First by the Bankruptcy Code or applicable non-bankruptcy law.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 29, 2010

AGREED AND CONSENTED TO:


/s/ David M. Cantor
David M. Cantor
Seiller Waterman LLC
462 W. Fourth Street, 22nd Floor
Louisville, KY 40202
270-584-7400
502-583-2100 (fax)
cantor@derbycitylaw.com

ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION


/s/ Scott A. Bachert
Scott A. Bachert
Harned Bachert & McGehee PSC
PO Box 1270
324 E. 10th Ave.
Bowling Green, KY 42102-1270
270-782-3938
270-781-4737 (fax)
bachert@hbmfirm.com

ATTORNEYS FOR CITIZENS FIRST BANK